# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEBORAH SPEAS-WEBB, ) | |
| . ) | |
| Plaintiff, pro se, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:09CV59 |
| ) | |
| Defendant. ) | |

Pending before this court is a motion to dismiss by Defendant United States for lack of subject matter jurisdiction and failure to state a claim or, alternatively, for summary judgment (docket no. 9). Plaintiff has filed a responsive pleading and this matter is ripe for disposition.[1] Since the parties have not consented to the jurisdiction of the magistrate judge, I must deal with the motion by way of a recommendation. For the reasons that follow, it will be recommended that the court grant Defendant's motion to dismiss.

**Background**

In this matter, pro se Plaintiff Deborah Speas-Webb seeks judicial review of the Social Security Administration's ("SSA") determination that she was overpaid as a result of SSA's issuing duplicate payment checks to Plaintiff. Plaintiff also alleges in the complaint that an SSA employee assaulted her. Plaintiff originally filed this

---

[1] Plaintiff's response brief is nearly unintelligible and in it she does not challenge any of Defendant's arguments for dismissal.

action in small claims court in Durham County, North Carolina on January 6, 2009, naming the SSA employee as the sole Defendant. On January 23, 2009, the United States filed a notice of substitution as the real party in interest as well as a notice of removal, removing the case to this court.[2]

**Fact**s

Sometime in 2008, the SSA mistakenly sent two social security checks rather than one to Plaintiff. Plaintiff cashed both checks. In August 2008, SSA Service Representative Patrice Williams first spoke to Plaintiff about the checks. Williams explained to Plaintiff that SSA received notice that two checks were cashed for the same month, which caused a duplicative check negotiation. Plaintiff admitted to cashing both checks. The next month, September 2008, SSA withheld money from Plaintiff to recoup the overpayment from August 2008.

Plaintiff went to the SSA office and asked Williams why Plaintiff's money had been withheld. Williams explained to Plaintiff that SSA recouped the money for an overpayment as a result of the duplicate check negotiation. Plaintiff admitted that she cashed both checks but stated that she needed the money. Plaintiff then asked if SSA could repay her some of the money and deduct the rest for the overpayment. Williams again explained that SSA does not make payment arrangements when a beneficiary negotiates duplicate checks. Plaintiff then asked to speak to the

---

[2] The United States has certified that the SSA employee Patrice Williams was a federal employee acting within the scope of her federal duties at the time of the conduct alleged in the complaint. See 28 U.S.C. § 2679(d).

manager. Williams asked the manager for assistance and told Plaintiff the manager would see her in a few minutes. Plaintiff alleges that Williams then assaulted her. Defendant denies that Plaintiff was assaulted.

**Discussion**

**Standard of Review**

As noted, Defendant has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Defendant has, alternatively, filed a motion for summary judgment based on the fact that Defendant has submitted evidence outside of the pleadings. First, with regard to a motion to dismiss pursuant to Rule 12(b)(1), the burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the district court must regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should apply the standard applicable to a motion for summary judgment under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* A court should grant the Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.*

Here, Plaintiff is complaining about a decision regarding her social security benefits–specifically, an overpayment determination. A plaintiff may file a civil action under Title II of the Social Security Act to review the "final decision" of the Commissioner made after a hearing, absent a colorable constitutional claim. 42 U.S.C. §§ 405(g) and (h). Although the Act does not define the term "final decision," the applicable regulations provide that a final determination of the Commissioner begins as an "initial determination," as defined in 20 C.F.R. § 404.902; *see also id.* § 404.900(a) (explaining the administrative review process). An overpayment determination is considered an "initial determination." *See id.* § 404.902. Each initial determination must proceed through the entire administrative process before it becomes administratively final for purposes of section 405(g) jurisdiction.

Defendant has produced evidence showing that Plaintiff did not appeal the overpayment determination, or the determination to withhold her check, to the reconsideration level. Therefore, there has not been a "final decision" for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981. In sum, Plaintiff has not exhausted her administrative remedies; thus, her complaint must be dismissed for lack of subject matter jurisdiction.

Plaintiff also alleges in her pro se complaint that SSA employee Williams assaulted her, and she seeks $5,000 in damages. Claims for damages are properly construed as tort claims brought under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 2671-2680. For many intentional torts, including assault, the United

States has not waived its sovereign immunity through the FTCA. See 28 U.S.C. § 2680(h). Thus, Plaintiff's assault claim is barred by sovereign immunity and must be dismissed.[3]

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss based on lack of subject matter jurisdiction (docket no. 9). Because the SSA benefits claim should be dismissed based on failure to exhaust administrative remedies, the dismissal should be without prejudice as to that claim.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
September 16, 2010

---

[3] Because the claims should be dismissed based on lack of subject matter jurisdiction, the court need not consider Defendant's motion to dismiss for failure to state a claim or, alternatively, for summary judgment.